The judgment of the court was pronounced by
Eustis, C. J.
Thomas M. and E. D. Newell have taken a.n appeal from a judgment rendered against them in the Court of the Tenth District sitting in the parish of Tensas. Gordon, against whom judgment was also rendered, filed his petition of appeal, but has given no bond; the judgment against him is consequently final. There is a motion to dismiss the appeal made by the counsel for the appellee, on the ground that the appeal bond is not for a sum sufficient to operate a stay of execution. The bond being tor a sufficient sum to cover all reasonable costs, the appeal stands with the right of the plaintiff to take his execution, in the event of the bond being insufficient in amount to stay it. Ralph v. Hoggatt, 2d Ann. 462. Lewis, Executor, v. Splane, 2d Ann. 755. The motion to dismiss therefore fails.
It.appears, that on the 21st June, 1844, in the late Court of the Seventh District sitting in the parish of Tensas, the plaintiffs having recovered judgment against the defendant in this suit, the Grand Gulf Railroad and Banking Company, took a judgment against the appellants, who were garnishees. By this judgment, a privilege ofi certain debts due' the defendants by the garnishees was decreed, which were ordered to be sold,- to satisfy the judgment against the defendant; it then went on to decree the garnishees to be indebted to the defendants in certain sums payable in notes or obligations of the banking company, and that the notes .by which the debt to the bank Was created be' held subject to execution, or other order of the court.
On the 20th of March, 1849, the district court sitting in the parish of Tensas, rendered the judgment from which the present appeal is taken. By this judgment the plaintiff recovers from the appellants and their co-garnishee Gordon “ in solido, and in current funds,” the sum of $5400,- with interest at eight per cent, from May, 1838, and costs; he was subrogated to the rights of the banking company in a certain mortgage, by which the notes of the appellants were secured, and the property mortgaged was ordered to be sold to satisfy the plaintiff’s debt. This judgment was rendered against the appellants on an order of court nisi, that they pay or deposit in court the amount of their indebtedness to the banking company, or in default thereof,- that the plaintiff recover from them the amount of his debt, with privilege on the property attached. We know of no warrant of law for a judgment by which a plaintiff is decreed to recover in current funds a debt'; the formula is entirely without precedent, and inadmissible.
The proceedings of the plaintiff are under the original garnishment, and must be conducted according to the laws regulating attachments. The article 265 of the Code of Practice provides for the remedy of the attaching creditor against property attached, and the power of courts over garnishees, withholding attached property, is certainly adequate to the full enforcement of the creditor’s right. The plaintiff has his judgment of June, 1844. The garnishees have the right .to require his proceedings in garnishment to be regular, and in conformity with law.
It is therefore decreed, that the judgment of the court below be reversed, as to the said appellants Thomas M. and E. D. Newell; and it is further decreed, that unless within thirty days after the present decree becomes final in this court, the said appellants, or either of them, shall produce and file in the court *362 below notes or obligations of the said Grand Gulf Railroad and Banking Company, to an amount equal to the sums following, to wit, the sum of $10,538 41, an(j ^g ful^]jer sum 0f $3070 with interest on said last named sum at the ■ rate of eight per centum per annum, from the 8th day of June, 1838, until paid and costs of this suit, the said plaintiff have leave forthwith, after the expiration of said delay, to issue execution against the said Thomas M. and .E. D. Newell in solido, for the sum of $5400, with interest at the said rate of eight per centum per annum, from the 8th June, 1838, until paid, and costs of this suit in the court below; the said principal sum, interest, and costs, to be made and collected in lawful money of the United States; and it is further decreed, that the plaintiff pay the costs of this appeal.